UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SCHNEPF, <br><br>    Plaintiff, <br><br>v. <br><br>OCWEN LOAN SERVICING, LLC., DITECH FINANCIAL, LLC, f/k/a GREEN TREE SERVICING LLC, and EQUIFAX INFORMATION SERVICES LLC, <br><br>    Defendants. | Case No. 15-cv-09116 <br><br> Honorable Andrea R. Wood |

**PLAINTIFF'S INITIAL STATUS REPORT**

Pursuant to Fed. R. Ci. P. 26(f) and this Court's Case Management Procedures, the Plaintiff submits the following Initial Status Report:

**1. NATURE OF THE CASE**

    **A. Parties**

    **Majdi Y. Hijazin**
    *Lead Attorney*
    **Ahmad T. Sulaiman**
    **Mohammed O. Badwan**
    Sulaiman Law Group, Ltd.
    900 Jorie Boulevard, Suite 150
    Oak Brook, IL 60523
    (630) 575-8181
    mhijazin@hijazinlaw.com
    ahmad.sulaiman@sulaimanlaw.com
    mbadwan@sulaimanlaw.com
    *Attorneys for Plaintiff*

    No attorneys for Defendants have appeared at this time.

1

**B. Status of Service**

Defendant Ditech was served on 12/8/2015, Defendants Ocwen and Equifax were served on 12/4/2015.

**C. Jurisdiction:** Federal question jurisdiction is based upon the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et. seq.

**D. Claims asserted:** Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") for Defendants' failure to investigate and correct inaccurate credit reporting of a debt discharged in bankruptcy. Plaintiff asserts claims against Equifax under subsection 1681e(b) for failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report; subsection 1681i(a)(1) for failure to conduct a reasonable reinvestigation into Plaintiff's dispute or delete the disputed information; subsection 1681i(a)(4) for failing to consider all relevant information Plaintiff provided related to the dispute; and subsection 1681i(a)(5) for failing to delete information related to Plaintiff found to be inaccurate, incomplete or unverifiable.

Plaintiff asserts claims against Ditech and Ocwen under subsections 1681s-2(b)(1)(A) for failing to conduct an investigation into Plaintiff's dispute to the consumer reporting agencies; subsection 1681s-2(b)(1)(B) for failing to review all relevant information Plaintiff provided by the consumer reporting agencies; and subsection 1681s-2(b)(1)(E) for failing to modify, delete or permanently block inaccurate, incomplete or unverifiable information related to Plaintiff.

Plaintiff also asserts claims against Ditech and Ocwen for violations of the bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524 because both Ditech and Ocwen's false credit reporting represent collection activity in violation of the Discharge Injunction.

**E. Relief sought:** Plaintiff is seeking (a) a declaration that the practices complained of in the Complaint are unlawful and violate the Fair Credit Reporting Act ("FCRA"), (b) an order deleting or modifying all adverse credit reporting relating to the subject loan, (c) an award of actual damages in an amount to be determined at trial, (d) an award of statutory damages for violations of the FCRA, (e) an award of punitive damages, in an amount to be determined at trial, for willful violations of the FCRA, (f) costs and reasonable attorney's fees provided under the FCRA, and (g) such other relief as the Court deems just and appropriate. Plaintiff is also seeking actual and punitive damages as to Ditech and Ocwen for their willful and wanton violations of the bankruptcy Discharge Injunction.

**F. Major Legal and Factual Issues:** Plaintiff states the major legal and factual issues are whether Defendant Equifax maintains reasonable procedures designed to assure maximum. possible accuracy of the information it reports about Plaintiff and whether Defendants Ditech and Ocwen conducted a reasonable investigation into Plaintiff's dispute under the FCRA. Plaintiff alleges that the subject debt was paid in full through Plaintiff's Chapter 13 bankruptcy and subsequently discharged. Plaintiff alleges that Defendants continue to report the subject debt with a past-due balance.

**2.     Case Plan**

**A. Pending motions:** There are no pending motions at this time.

**B. Defendants' response to complaint:** Defendant Ditech's answer is due by 12/29/2015. Defendants Ocwen and Equifax must file their answers by 12/28/2015.

**C. Discovery plan:** Because no Defendants have appeared in this matter, there is no discovery plan at this time.

**D. Trial**:

**i.** Plaintiff has demanded a jury trial.

**ii.** A jury trial should last no more than three days.

**3.** **Settlement.** As no Defendants have appeared, no discussions have occurred.

**4.** **Consent to Proceed Before a Magistrate Judge:** As no Defendants have appeared, the parties do not unanimously consent to proceed before a Magistrate Judge.

**5.** **Extension of Time:** Per Judge Wood's Clerk's direction, Plaintiff requests that the status hearing that is set for December 18, 2015 be rescheduled to any day during the week of January 18, 2016 since Defendants were only recently served and have yet to appear. Plaintiff was directed to make this request in this Initial Status Report.

**Dated:** December 11, 2015                    **Respectfully Submitted,**

**/s/ Majdi Y. Hijazin**, *Of Counsel*

Majdi Y. Hijazin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com